IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LISA SANDS, ) | |
| ) | Civil Action No. |
|   Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| GREENWOOD STAR, LLC, ) | |
| ) | |
|   Defendant. ) | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Lisa Sands ("Plaintiff"), by and through undersigned counsel, and files this Complaint pursuant to the Age Discrimination in Employment Act ("ADEA") against Greenwood Star, LLC, and shows the Court as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Renkai Zhang, 3500 Lenox Rd., N.E., Suite 1500, Atlanta, Georgia 30026.

## FACTUAL ALLEGATIONS

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC).

7.

Plaintiff requested the right to sue on her charge from the EEOC. The EEOC issued a "Notice of Right to Sue" on September 30, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice.

8.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

9.

Defendant is now, and at all times relevant hereto, has been an employer subject to the ADEA.

10.

Plaintiff began her employment with Defendant in January 2017. At the time of her termination in August 2020, Plaintiff was the operations manager at the time

11.

At the time of her termination, Plaintiff was 60 years old.

12.

In approximately May 2020, Defendant's owner, Lisa Li, told Plaintiff she would like to see Plaintiff retire from the company.

13.

During June and July 2020, Plaintiff was assigned to Defendant's Village of Duluth property where she was tasked with increasing income and occupancy. In early August 2020, Plaintiff was applauded by Benjamin Garfunkel in Defendant's Accounting Department for putting the most money ever into the bank for that property.

14.

On or about August 5, 2020, Kathi Price, a property manager at one of the Defendant's properties, told Plaintiff that Li told her that Plaintiff needed to "get into the 21st century", implying that Plaintiff was old and needed to learn new things.

15.

On August 9, 2020, Defendant's Vice President, Kellan Sun, called and told Plaintiff that after talking with Li, they decided to terminate Plaintiff's employment. Sun went on to say, it was time for Plaintiff to retire and that they knew it and Plaintiff knew it.

16.

Any reason given for terminating Plaintiff's employment is pretext for unlawful age discrimination.

17.

As a result of Defendant's unlawful actions, Plaintiff has suffered, *inter alia*, pecuniary losses, including lost wages, for which she is entitled to recover from Defendant.

## CLAIM FOR RELIEF

## VIOLATION OF THE AGE DISRCIMINATION IN EMPLOYMENT ACT

18.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

19.

The ADEA prohibits employment discrimination on the basis of age.

20.

At all times relevant, Plaintiff was a member of a protected class, i.e. she was over 40 years old.

21.

Plaintiff was qualified to perform the position at issue.

22.

Plaintiff was terminated becauce of her protected characteristic, i.e. becauce of her age.

23.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff, on the basis of age, in violation of the ADEA.

24.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

25.

As a result of Defendant's unlawful actions, Plaintiff has suffered, among other things, lost wages. Plaintiff is also entitled to liquidated damages on her lost wages and other damages.

25.

Plaintiff's age was the determinative factor in Defendant's decision to terminate Plaintiff's employment.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)     Special damages and/or liquidated damages, back-pay, lost benefits and prejudgment interest thereon;

(b)     All equitable relief available, such as reinstatement or front-pay in lieu thereof,

(c)     All relief available under the ADEA;

(d)     Reasonable attorney's fees and expenses of litigation;

(e)     Trial by jury as to all issues so triable;

(f)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g)     All other relief to which she may be entitled.

This 6th day of November, 2020.

**BARRETT & FARAHANY**

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com